HASTINGS, ADMINISTRATOR, RESPONDENT, *v.* MONTANA UNION RAILWAY COMPANY, APPELLANT.

[Submitted September 15, 1896.   Decided October 5, 1896.]

NEGLIGENCE—*Fellow servants—Railroads.*—A laborer employed by and acting under the orders of a section foreman on a railroad, who is injured by the negligence of the foreman in not warning him of the approach of a yard engine, and the negligence of the engineer of the yard engine in operating his engine at dusk without using the whistle or bell and without a headlight, is a fellow servant with such foreman and engineer, and therefore the railroad company is not liable for the injuries resulting from their negligence. (*Goodwell* v. *Montana Central Railway Company, ante,* 293, cited.)

*Appeal from Second Judicial District, Silver Bow County.*

ACTION for damages for personal injuries.   The cause was

tried before McHATTON, J.   Plaintiff had judgment below.
Reversed.

*George Haldorn*, for Appellant.

*Carroll & Leehey*, for Respondent.

HUNT, J.—Tim Hastings, the plaintiff's intestate, was a day
laborer employed under a section foreman to keep portions of
the roadbed of the defendant company in repair.   The fore-
man had power to employ and discharge the men and superin-
tend their work, and himself worked with the men.   The
foreman employed the deceased, who, with a gang of five
others, was working upon defendant's road upon the day he
was killed.   On November 23, 1893, at dusk about twenty-
five minutes past five o'clock in the evening, the deceased and
five others were repairing a track near the Parrot smelter at
Butte.   They had with them a low, flat push car, with handles
extending beyond the ends.   About quitting time, the fore-
man told the men to move the car from the track and carry it
across to another track about fifty feet away.   Observing an
engine on the track which the men had to cross, the foreman
remarked that there was time enough to get over and ordered
the men to pick up the car and proceed.   The deceased had
hold of the center of this push car, on the north side; the
other men holding the respective corners.   Before the men
got it clear of the second track one corner of the flatcar went
down; the deceased was on the side that went down.   Just
then a locomotive came up behind the men; no bell was rung
and no whistle blown.   One of the men was knocked down,
and Hastings, the deceased, was run over, dragged beneath the
engine and so seriously injured that he died shortly after-
wards.

The complaint alleged negligence in the following respects,
viz :   That the defendant was negligent and careless through
its engineer and fireman of the yard engine in operating such
yard engine without having the whistle blown or the bell rung,
and without having the headlight of the engine lighted, and in
being negligent through its foreman for not warning the de-

ceased of the approach of the yard engine in time for him to escape, although the foreman knew of the danger in ample time to have warned the deceased.

The defendant moved for a nonsuit raising the point under the issues of the pleadings that the foreman as well as the engineer of the locomotive which struck the deceased, and the deceased were fellow servants, and that the negligence of the defendant, if any there were, was not such as to render the defendant company liable in damages.

The court overruled the motion. The defendant then introduced evidence tending to show that the deceased was careless in not getting out of the way, as there was ample time for him to do. The court charged the jury, substantially, that if the deceased was injured by reason of the negligence or want of care of the foreman under whose orders he was acting, or the engineer, and not through his own carelessness, defendant was liable, thus assuming that the foreman and the engineer were not fellow servants of the deceased. The jury returned a verdict for the plaintiff in the sum of $4,250, upon which judgment was entered. Defendant moved for a new trial, which was denied. This appeal is from the order denying the motion for a new trial and from the judgment.

Cases involving questions of who are fellow servants have not been very frequent in this court. While the statutes of the territory were controlling and the rule obtained that in every case where a servant acted under the order of his superior, the liability for injury sustained by the fault of the superior was the same as if such servant were a passenger; questions were necessarily determined by the local law and the liability of domestic railroad corporations was much more extensive than it is under the general law. This was decided when the question was presented in the first opinion in the case of *Criswell* v. *Montana Central Railway Co.*, 17 Mont. 189. But as we said in the case of *Goodwell* v. *Montana Central Railway Co.*, *ante*, page 293 :

" Since the decision of this court on the rehearing of the case of *Criswell* v. *Montana Central Railway Co.*, *ante*, page

167, announcing that the statute of the territory of Montana, which modified the common law rule of the liability of a master to his employes for injuries to the latter by the negligence of a superior, was repealed by the adoption of the state constitution, the courts are obliged to determine questions such as the one now before us by the general law."

Looking now at the general law of fellow service as expounded by the supreme court of the United States, we find that plaintiff in the case under consideration cannot recover.

In *Northern Pacific Railroad Co.* v. *Hambly*, 154 U. S. 349, it was decided that a day laborer, who while working for the railroad company, under the order and direction of a section foreman, on a culvert on the company's road, is injured by the negligence of a conductor and engineer in moving and operating a train upon the company's road, is a fellow servant with such engineer and such conductor in such a sense as exempts the company from liability for the injury so inflicted. The court there said :

"The question first arose in the case of *Randall* v. *Baltimore & Ohio Railroad Co.*, 109 U. S. 478, in which a brakeman, working a switch for his train on one track in a railroad yard, was held to be a fellow servant of an engineer of another train upon an adjacent track, upon the theory that the two were employed and paid by the same master, and that their duties were such as to bring them to work at the same place at the same time, and their separate services had as a common object the moving of trains. It is difficult to see why, if the case under consideration is to be determined as one of general and not of local law, it does not fall directly within the ruling of the *Randall case.* The services of a switchman in keeping a track clear for the passage of trains do not differ materially, so far as actions founded upon the negligence of train men are concerned, from those of a laborer engaged in keeping the track in repair; neither of them is under the personal control of the engineer or conductor of the moving train, but both are alike engaged in an employment necessarily bringing them in contact with passing engines, and in the 'im-

mediate common object' of securing the safe passage of trains over the road. As a laborer upon a railroad track, either in switching trains or repairing the track, is constantly exposed to the danger of passing trains, and bound to look out for them, any negligence in the management of such trains is a risk which may or should be contemplated by him in entering upon the service of the company. This is probably the most satisfactory test of liability. If the departments of the two servants are so far separated from each other that the possibility of coming in contact, and hence of incurring danger from the negligent performance of the duties of such other department, could not be said to be within the contemplation of the person injured, the doctrine of fellow-service should not apply.''

In accordance with the doctrine of the Hambly case, and the later decision of *Northern Pacific Railway Co.* v. *Peterson*, 162 U. S. 346, this court in *Goodwell* v. *Montana Central Railway Co.*, cited above, held that where an employe, a laborer repairing defendant's roadbed and under the orders of a section boss, was injured through the negligence of such boss, the laborer and the section boss were fellow servants and for an injury so received the company was not liable.

In principle there is, under the facts of the case at bar, no difference between the Hambly case and this one. The negligence, if any there was, which caused the death of the deceased was the negligence of his co-servants in performing duties devolving upon them. The general principles of the law of master and servant as set forth in the Goodwell case, *supra*, and the authorities cited in the opinion in that case are controlling in this instance.

We note, too, that the supreme court of the United States in *Northern Pacific Railroad Co.* v. *Charless*, 162 U. S. 359, has reiterated the doctrine of the Hambly opinion. In the Charless case the plaintiff was an ordinary laborer employed under a section boss or foreman to keep a certain portion of the roadbed in repair. The foreman employed the men. On the day of the accident the foreman and plaintiff were upon a handcar going to inspect some work. While turning a curve

in a narrow cut, an engine and freight train came in an opposite direction. No warning was given by the engineer of the freight train. Charless undertook to jump from the handcar but fell in front of it and was seriously injured by being run over by it. One of the grounds of negligence relied on was the negligence of the foreman; another was the negligence of the train hands on the approaching train in not giving signals of their approach around the curve and through the cut. The court held that the foreman was the fellow servant of the laborer and referred on that point to the Peterson case above cited, as governing the case. It was also held error to have submitted to the jury the question of the negligence of the employes on the extra freight train in failing to give the signals of its approach. "This failure," said the court, "assuming that it constituted negligence, was nothing more than the negligence of co-servants of the plaintiff below in performing the duty devolving upon them. The principle which covers the facts of this case was laid down in *Randall* v. *Baltimore & Ohio Railroad Co.*, 109 U. S. 478, and that case has never been overruled or questioned. The *Ross case*, 112 U. S. 377, is a different case, and was decided upon its own peculiar facts. See *Baltimore & Ohio Railroad Co.* v. *Baugh*, 149 U. S. 368, 380. Among the latest expressions of opinion of this court in regard to views similar to those stated in the case in 109 U. S., *supra*, is the case of the *Northern Pacific Railroad Co.* v. *Hambly*, 154 U. S. 349. It seems to us that the Randall and the Hambly cases are conclusive, and necessitate a reversal of the judgment. * * * We are unable to distinguish any difference in principle arising from the facts in these two cases."

It is clear to us that the case at bar was tried upon an erroneous theory of the law, arising doubtless by the belief on the part of the learned judge who presided, that the old territorial statute fixing a railroad company's liability was in force. But as it was not, the errors discussed were material and require a reversal of the case. Judgment and order reversed.

*Reversed.*

PEMBERTON, C. J., concurs. DE WITT, J., not sitting.