MULLIGAN, Respondent, *v.* MONTANA UNION RAILWAY CO., Appellant, and FEATHERKILE *v.* SAME.

[Submitted January 7, 1897. Decided February 1, 1897.]

*Master and Servant—Practice on Motion for New Trial—Instructions—Fellow Servants.*

Motion for New Trial.—Where the notice of intention to move for a new trial does not specify "the insufficiency of the evidence, etc.," as one of the grounds of the motion, the verdict cannot be disturbed upon that ground.

Master and Servant—*Duties of the former—Instructions.*—Instructions must be considered as a whole; and where instructions are given which contain the correct rule as to the duty of the master to furnish suitable machinery and inspection of the same the verdict should not be reversed because another instruction may not give the law on that subject fully.

Same.—There is no error in charging the jury in such a case that plaintiff could not recover, if his own negligence directly contributed to his injury.

Same.—The engineer of a locomotive and the fireman are fellow servants, and it was not error to charge that the latter could not recover from the company for an injury caused by the negligence of the former.

*Appeal from District Court, Silver Bow County. J. J. McHatton, Judge.*

Actions by H. B. Mulligan and J. F. Featherkile against the Montana Union Railway Company. From an order in the Mulligan case sustaining plaintiff's motion for a new trial, defendant appeals. Reversed.

Statement of the case by the justice delivering the opinion.

These cases were both for the recovery of damages for personal injuries. The plaintiff (respondent) Mulligan was a fireman upon the defendant (appellant) railroad company's road. The plaintiff Featherkile was an engineer. Both were injured

at the same time, and by stipulation of counsel for all parties the causes were tried together before the same jury, with the agreement that the jury should render separate verdicts. The plaintiff Mulligan's case is brought before the supreme court by appeal. The allegations of the complaint are that, on March 18, 1893, plaintiff was a fireman in the employ of the defendant company; that, at about 4 o'clock a. m. of said day, while the engine upon which he was firing was about three-fourths of a mile from the point to which said engine was going, the engineer in charge stopped the engine to pack the piston upon the right side to prevent steam from escaping from the piston, owing to the defective condition thereof and to the want of packing in said piston; that, while the engine was standing still as aforesaid, it exploded, very seriously injuring him. It was alleged that the engine, at the time of the injury and for a long time prior, was in a dangerous and defective condition; that the engine had no crown bars, and that, if there ever had been any, they had been removed by defendant; that the flue sheet was cracked in several places; that many of the stay bolts in the crown sheet were broken, and drawn out, and in a defective condition, and had been so for a long time prior to the accident, leaving the crown sheet without a sufficient support to withstand the strain and heat thereon; that the crown sheet had no safety plug, and that the engine was generally defective, and had not been put or kept in proper repair, all of which defects and defective condition were and had been known to defendant company for a long time prior to the accident; that the explosion and the injuries to the plaintiff were caused solely by reason of the defective condition of said engine and boiler, and by reason of carelessness and negligence of the company in permitting the engine and boiler to become defective, and in carelessly and negligently using the engine and boiler in such defective condition with full knowledge and notice of the condition thereof, and in causing this plaintiff to work thereon without giving him any warning. The plaintiff alleged that he had no knowledge or notice, before the injury, of the dan-

gerous and defective condition of the engine. The answer denied every material allegation of the complaint pertaining to negligence or to the defective condition of the locomotive. The defendant then pleaded that plaintiff and the engineer were fellow servants and that the accident was caused by the engineer's permitting the water in the boiler to become so low that the crown sheet became hot and dry, and that the plaintiff and the engineer carelessly injected water into the boiler while the crown sheet was so heated, and that this water was converted into steam, thereby causing the explosion. Defendant company denied that it had any knowledge of any defect in the engine, and alleged that, if it was defective, it was the duty of plaintiff to report the defects, but that plaintiff never made any report of the defects in the said engine; that plaintiff was employed to work on the engine, and, if it was defective in the respects alleged, or in any respect, the said defects were apparent and known to the plaintiff, and that plaintiff continued to work on said engine without complaint; and defendant averred that it was not aware and did not know of any defects in said engine. The replication denied the new matter in the answer. The plaintiff also denied that the defects were apparent and known to him, and further alleged that, during the short time he was employed upon said engine, there was no way by which he could have detected such defects and made complaint to the defendant and declined to work thereon. The cause was tried to a jury, and a verdict rendered for the defendant. Judgment was entered on the verdict for the defendant for the costs. The plaintiff moved for a new trial, and the court sustained this motion. The defendant appeals to this court from the order of the district court sustaining the motion for a new trial.

*Geo. Haldorn,* for Appellant.

HUNT, J.—The plaintiffs (respondents) have not seen fit to appear by counsel or by brief in this court. We have, nevertheless, examined all the errors specified by respondent Mulligan in his motion for a new trial, to determine whether any of

them were well taken, and justified the lower court in granting the motion. In this examination, however, we have been precluded from considering the testimony, because the plaintiff did not base his motion for a new trial upon the insufficiency of the evidence to sustain the verdict in favor of the railroad company, or upon any other possible errors based 'upon rulings on the evidence, but relied entirely upon alleged errors committed in the court's instructions to the jury. (*Raymond* v. *Thexton*, 7 Mont. 299, 17 Pac. 258.)

The first instruction assigned as erroneous substantially told the jury that, if plaintiffs directly contributed to their own injuries by their own negligence, they could not recover, even if the defendant was negligent. This is the general elementary doctrine of contributory negligence, laid down by text writers and sustained by the decisions of this court. (Beach on Contributary Negligence, § 14; *Hamilton* v. *Railway Co.*, 17 Mont. 334, 42 Pac. 860, and 43 Pac. 713.) We see nothing of record to take this case out of the general rule.

The next error assigned is that the court instructed the jury that defendant was not obliged to furnish the plaintiffs with the newest or latest improvements in construction upon the engine, but that all the law required was that defendant furnish plaintiffs with reasonably safe machinery and appliances, and that, if the jury believed from the evidence that the boiler of the locomotive was a good boiler of the kind, and in good repair, then plaintiffs assumed the risks incident to their employment, notwithstanding the jury's belief that a boiler of different construction would have been safer. This instruction must be considered with reference to several others, wherein the court expressly told the jury that the duty of the master is to use ordinary care to furnish suitable and safe machinery and appliances, and to keep the same in good repair, and to make all needed inspection and examination of the machinery and appliances, with a view of keeping the same in repair, and that a failure to do so would render him liable to the servant injured by reason of the omission of the master to properly perform these duties. The instructions on this point

were in accord with our recent decision in *Johnson* v. *Mining Co.*, 16 Mont. 164, 40 Pac. 298, where, in discussing the meaning of the words "ordinary care," we said : "And so we find the opinions, in discussing the definition of 'ordinary care,' recognize that no fixed, arbitrary rule can be laid down, but that the degree of care and vigilance required varies according to the exigencies which require attention and vigilance, conforming in amount and degree to the particular circumstances under which they are to be exercised. The care and attention necessary on an employer's part in furnishing a steam boiler is relative to the work to be done by the boiler, and the capacity of such an instrument for harm as well as good.   *   *   *   The employer is in duty bound to see that the machinery is fit and safe for the work only so far as due and reasonable care and diligence and prudence will go towards having it and keeping it safe and fit.   He is not a warrantor of the safety of the machinery, and, when he has exercised the degree of care hereinbefore discussed as ordinary or reasonable, his duty is done.   (Wharton on Negligence, § 211.)"

Error is also assigned because the court charged that the engineer and fireman were fellow servants, and, if the fireman was injured by reason of the engineer's negligence, plaintiff could not recover.   This is the law generally, as laid down by the supreme court of the United States, cited and followed by this court in the following cases, by which we feel bound : (*Goodwell* v. *Railway Co.*, 18 Mont. 293, 45 Pac. 210; *Hastings* v. *Railway Co.*, 18 Mont. 493, 46 Pac. 264.)

The remaining error assigned by respondent is predicated upon the following instruction :   "The jury are instructed that a servant, when he engages in a particular employment, is presumed to do so with a knowledge of its ordinary hazards, whether from the carelessness of fellow servants in the same line of employment, or from latent defects in the machinery and appliances used in the business, or the ordinary dangers of the use of the same, and the law presumes that, when he enters into such employment, he assumes all such risks; and

if, in this case, you believe, from the evidence, that the accident in question was occasioned by any latent defect in the machinery, or that it was occasioned by the negligence of the plaintiff or his fellow servant, then you are instructed that the plaintiff cannot recover in this case, and you should find for the defendant.'' The appellant's brief advises us that the last foregoing assignment of error was the only one pressed upon the consideration of the court below, when the motion for a new trial was argued. We further infer, from appellant's brief, that the particular objection urged was that the jury were misled by not having before them some explanation of the meaning of the words ''latent defects'' in the machinery. But, when the instructions are considered as a whole, the force of this objection is lost, because they were told elsewhere as follows :   ''I further instruct you that if you find, from the evidence in this case, that the boiler in question in this case exploded without any fault on the part of the plaintiffs, or either of them, and that such explosion was caused by defects in the boiler, as alleged in plaintiffs' complaint, which the agents of the defendant, charged with the duty of keeping it in repair, knew of, or by the use of ordinary care ought to have known of, and that plaintiffs were injured by such explosion, then I instruct you that each of the plaintiffs will be entitled to recover of the defendant such damages as will compensate him for such injury, not exceeding the amount claimed in his complaint.'' Examining these two instructions, we find that by one the jury were told that, if the explosion was not caused by any fault on the part of plaintiffs, but was caused by reason of any of the defects named in the complaint, and which the defendant knew of, or by exercise of ordinary care and prudence ought to have known of, the plaintiffs could recover, while by the other they were told that the defendant was not liable for accidents arising by reason of latent defects in the machinery and appliances used. We take it to be the law that, if the master can only be held to the use of ordinary care and prudence in furnishing safe machinery to the servant, and keeping the same in proper repair, but that he cannot be

held as a warrantor of the safety of the machinery, it reasonably follows that the master is not liable to the servant for latent defects in the machinery or tools furnished which ordinary inspection and exercise of ordinary care would not or has not detected. Now, when this doctrine is applied to the two instructions quoted above, we find the one practically explanatory of the term "latent" used in the other, and that the doctrine and significance of patent and latent defects and dangers, incidental to the plaintiff's employment, was sufficiently laid before the jury. The respondents did not ask the court to instruct the jury more fully, or at all, so far as the record advises us, upon "latent defects," and they cannot now complain because the instructions that were given did not more fully state the law.

Our judgment is that the respondents' rights were not prejudiced by the instruction of the court, and that, upon review of all the assignments of error, the charge conformed to the material issues raised by the pleadings. It follows that we discover no sufficient ground upon which to sustain the action of the district court in granting a new trial to plaintiff. It is therefore ordered that the order granting a new trial be reversed.

*Reversed.*

PEMBERTON, C. J., and BUCK, J., concur.