BROWN v. BALTIMORE & O. R. CO.

(Circuit Court, E. D. Pennsylvania. January 27, 1906.)

No. 18.

MASTER AND SERVANT—INJURY OF SERVANT—UNSAFE PLACE TO WORK.

Where a foreman who is in authority deliberately arranges a place for his men to work which is unsafe, and then puts a man to work there, who had theretofore been provided with a safe place in which to do the same kind of work, without calling his attention to the danger, the master is liable for the workman's injury resulting.

[Ed. Note—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 297.]

On Motion for New Trial.

Walter Thomas and Thos. Raeburn White, for plaintiff.
Wm. B. Linn, for defendant.

HOLLAND, District Judge. The defendant company, we think, is responsible for the acts of Mr. Mulch, who was in charge of the work, who by his own command deliberately arranged a dangerous place for his men to work, and then called the plaintiff there without notifying him of the dangerous condition. The plaintiff had been engaged in the same kind of work before, but had always been provided with a safe flooring over which to roll the heavy casts.

When the company, through those in authority, deliberately arranged a dangerous place for men to work, which theretofore had been perfectly safe, and then put a man to work without calling his attention to the danger, it should be held responsible. The foreman, Mulch, was in authority, and when he ordered the covering left off of the opening through which the plaintiff fell, no workman could disobey. It was the act of the company, through its representative, whose direction could not be disregarded. It was not the case of a foreman causing an injury to a fellow workman by some negligent act of his, such as a failure to watch for approaching trains, which the foreman promised to do in Martin v. Atchison, Topeka & Santa Fé Railroad Company, 166 U. S. 399, 17 Sup. Ct. 603, 41 L. Ed. 1051, or as in Alaska Mining Co. v. Whelan, 168 U. S. 86, 18 Sup. Ct. 40, 42 L. Ed. 390, where the injured party was put in a safe place to work, and the foreman negligently dumped a chute upon him; or as in Northern Pacific Railroad Company v. Charless, 162 U. S. 359, 16 Sup. Ct. 848, 40 L. Ed. 999, where the injury resulted from the foreman recklessly running a hand car. These were reckless acts of a foreman for which he alone was liable. But, in the case at bar, the place at which plaintiff was injured and theretofore been found by him to be safe, and the foreman, in his discretion, decided to arrange this place in a way which made it dangerous for the men, and he then ordered plaintiff to work there without notifying him of the danger.

Motion and reasons for a new trial are overruled.