## LUKIC v. SOUTHERN PAC. CO.

(Circuit Court, D. Utah. January 27, 1908.)

No. 774.

1. MASTER AND SERVANT—INJURY TO SERVANTS—"FELLOW SERVANTS."

The exception to the general rule of the master's liability in case of injury to an employé through the negligence of a fellow servant is based on the doctrine of assumption of risk, which extends to the risk of injury from negligence of other servants of the same master whose service is so related to his own that negligence on their part in the natural and expected course of events may injure him, notwithstanding a complete performance by the master of his nonassignable duties, and his assumption is as broad as his reasonable anticipation of danger. Under such rule a laborer engaged in the construction of a roadbed of a railroad and a brakeman on a construction train hauling gravel for such roadbed are "fellow servants."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 493–514.

For other definitions, see Words and Phrases, vol. 3, pp. 2716–2730; vol. 8, p. 7662.

Who are fellow servants, see notes to Northern Pac. R. Co. v. Smith, 8 C. C. A. 668; Flippin v. Kimball, 31 C. C. A. 286.]

2. SAME—UTAH STATUTE—"FELLOW SERVANTS."

Such general rule is not changed by Rev. St. Utah 1898, § 1343, defining "fellow servants" as "all persons who are engaged in the service of such employer, and who, while so engaged, are in the same grade of service and working together at the same time and place to a common purpose, neither of such persons being intrusted by such employer with any superintendency or control over his fellow employés," except in relation to the matter of superintendency; the statute not requiring, by the provision that they must be "working together," that the servants should be doing the same kind of work, or engaged in aiding each other in the same detail of labor, but only that they shall be working to a common purpose and sufficiently near each other to arouse in the one a reasonable appreciation of probable danger from the neglect of the other.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2716–2730; vol. 8, p. 7662.]

At Law. On motion for new trial.

C. L. Olson, J. W. Burton, and J. W. Woten, for plaintiff.
P. L. Williams and Jno. G. Willis, for defendant.

MARSHALL, District Judge. The petition for a new trial presents but one question. The court directed a verdict for the defendant on the ground that the plaintiff, a laborer engaged in the construction of the roadbed, was the fellow servant of a negligent brakeman of a construction train hauling gravel for such roadbed. This is claimed to have been error in the light of the Utah statute, which defines "fellow servants," and which reads:

"1343. Who are Fellow Servants.—All persons who are engaged in the service of such employer, and who, while so engaged, are in the same grade of service and working together at the same time and place to a common purpose, neither of such persons, being entrusted by such employer with any superintendency or control over his fellow employés, are fellow servants with each other: provided, that nothing herein contained shall be so construed as to make the employés of such employer fellow servants with other employés en-

gaged in any other department of service of such employer. Employés who do not come within the provisions of this section shall not be considered fellow servants."

It is contended that by this statute Utah has adopted the idea of consociation as the test of fellow service, and that no two servants are to be considered fellow servants unless at the time of the injury their labors are so related that the injured person had an opportunity by precept and example to influence the negligent person, or at least to ascertain a habit of negligence and to report it to the common employer. This test is not capable of reasonable application, and should only be applied if the statute clearly so provides. It is not capable of reasonable application, for, if applied literally, a new workman would have no fellow servants until his employment had continued for the uncertain time necessary to enable him to exert an influence on his fellow workmen, or learn their habits as to care; and this has never been claimed. It is conceived that a blind man might have fellow servants, even if his misfortune precluded him from observing their methods of work. The true view is the fellow servant exception to the general rule of the master's liability is based on the doctrine of assumption of risk. The servant realizes when he accepts the service that he is liable to injury by the negligence of other servants of the same master, whose service is so related to his own that negligence on their part in the natural and expected course of events may injure him, notwithstanding a complete performance by the master of his nonassignable duties. This anticipated risk the servant assumes, and his assumption is as broad as his reasonable anticipation of danger. When the services of two servants are so widely separated, so wanting in contact, that some unusual event must occur to direct the results of the negligence of the one to the other, the two are said to belong to separate departments. In the case of Northern Pacific R. Co. v. Hambly, 154 U. S. 349, 357, 14 Sup. Ct. 983, 984, 38 L. Ed. 1009, it was said:

"As the laborer upon a railroad track, either in switching trains or repairing the track, is constantly exposed to the danger of passing trains, and bound to look out for them, any negligence in the management of such trains is a risk which may or should be contemplated by him in entering upon the service of the company. This is probably the most satisfactory test of liability. If the departments of the two servants are so far separated from each other that the possibility of coming in contact, and hence of incurring danger from the negligent performance of the duties of such other department, could not be said to be within the contemplation of the person injured, the doctrine of fellow service should not apply. In this view it is not difficult to reconcile the numerous cases which hold that persons whose duty it is to keep railroad cars in good order and repair are not engaged in a common employment with those who run or operate them."

And so in the case of Randall v. Baltimore & Ohio R. Co., 109 U. S. 478, 3 Sup. Ct. 322, 27 L. Ed. 1003, it was held that a brakeman working a switch for his train on one track in a railroad yard was a fellow servant of an engineer of another train on an adjacent track. It was pointed out that they were employed and paid by the same master and that the duties of the two brought them to work at the same time and place for the common purpose of moving trains, so that

the negligence of one in doing his work might injure the other. In Northern Pacific R. Co. v. Charless, 162 U. S. 359, 16 Sup. Ct. 848, 40 L. Ed. 999, a day laborer on a section was held to be a fellow servant with the crew of a freight train; and in Martin v. Atchison, Topeka & Sante Fé, 166 U. S. 399, 17 Sup. Ct. 603, 41 L. Ed. 1051, a similar laborer with the crew of a work train.

Now, what change has the statute made? It has, it is true, ingrafted the discredited superior servant limitation; but that is not pertinent here. Beyond this, it provides that to be fellow servants the two servants must be working together at the same time and place and to a common purpose. What is meant by "together"? The Illinois doctrine of consociation does not require that the servants should be doing the same kind of work, or be engaged in aiding each other in the same detail of labor. By "together" is meant physical nearness at the time of the injury, coupled with the common purpose of the labors of the two servants; the nearness required being only that which should arouse in the one a reasonable appreciation of probable danger from the neglect of the other. I do not believe that the statute should be otherwise construed.

But it is argued that this statute has been construed by the Supreme Court of this state in Dryburg v. Mining & Milling Co., 18 Utah, 410, 55 Pac. 367, in accordance with the plaintiff's contention. The rule is then invoked that the construction of a state statute by the highest court of the state is binding on this court. As to transactions occurring after such construction, the rule is as contended for; but I am unable to ascertain that in the case referred to the court adopted the claimed construction. Undoubtedly the Chief Justice, in delivering the opinion of the court, argued for it; but Judge Miner, while concurring in the judgment, expressly dissented from this construction of the fellow servant act, and Judge Bartch, the only remaining judge, dissented in toto. It may be difficult to ascertain the point on which the judges agreed who reversed the case; but it is clear that it was not on the construction of the fellow servant act.

It follows that the petition for a new trial must be denied.