## MAINE & N. H. GRANITE CORP. v. HACHEY.

(Circuit Court of Appeals, First Circuit. November 11, 1909.)

### No. 812.

MASTER AND SERVANT (§ 190*)—MASTER'S LIABILITY FOR INJURY TO SERVANT— NEGLIGENCE OF "FELLOW SERVANT."

Plaintiff was employed by defendant at its stone quarry, and engaged in breaking waste rock, working beside a large pile, on which the rock were dropped from time to time by a derrick. The derrick was in charge of a boss derrickman, whose duty it was, under instructions from defendant, to operate the same, and also to give warning to plaintiff and other workmen when rock were about to be deposited on the pile. On one occasion he neglected to give such warning, and a rock slid down the pile and injured plaintiff. *Held*, that the giving of such warning signals was a part of the work of operation, in which the boss derrickman acted as a "fellow servant" of plaintiff, and not as representative of the master in the performance of a nondelegable duty to provide a safe place to work, and that his negligence gave plaintiff no right of recovery against defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 471; Dec. Dig. § 190.*

For other definitions, see Words and Phrases, vol. 3, pp. 2716–2730; vol. 8, p. 7662.]

In Error to the Circuit Court of the United States for the District of New Hampshire.

Action by Joseph Hachey against the Maine & New Hampshire Granite Corporation. Judgment for plaintiff, and defendant brings error. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frank S. Streeter and Fred C. Demond (Streeter & Hollis, on the brief), for plaintiff in error.

Bernard Jacobs (Drew, Jordan, Shurtleff & Morris, on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. This is a writ of error for review of the rulings of the Circuit Court in an action for negligence. Upon the conclusion of the plaintiff's testimony the Granite Corporation moved for the direction of a verdict in its favor, and upon a denial of this motion duly excepted. Its exception raises the question whether, upon the facts, the negligence which resulted in personal injuries was that of a fellow servant or of the master, the Granite Corporation.

Hachey was employed by the Granite Corporation in its quarry at Redstone, N. H. He was engaged in breaking up waste rock, or "grout," beside a large pile of grout about 30 feet in height. Pieces of waste rock were deposited upon this grout pile from time to time by a derrick. The danger from falling stones was such as to require that the men working at or near the grout pile should receive a warning whenever rock was to be dropped from the derrick upon the slanting grout pile.

The derrick was operated by machinery, and was in charge of a boss derrickman, whose duty it was to see that the stones were properly raised, swung, and deposited upon the grout pile, to give proper signals to the engineer, and also to give warning to the workmen in the vicinity of the grout pile in time to enable them to go to a place of safety while stones were dropped upon the pile. The boss derrickman usually had one or two men under him as helpers.

It is agreed that it was the duty of the boss derrickman to give timely warnings, either personally or by sending one of his helpers to do it. The warning was given by shouting, or at times by rolling a small stone near the men at the foot of the pile. The men working at or near the grout pile were accustomed to rely upon receiving a signal before the dumping of rock. The pile of grout obstructed the view of the derrick, and the attention of the men at work breaking up rock was so engaged that the giving of signals to them was required as a regular accompaniment of the operation of the derrick. It is agreed that it was customary for the derrickman to give the signals personally or through one of his helpers.

Upon the present record it must be assumed that the boss derrickman, Bessanti, was guilty of negligence in dropping a heavy stone on the grout pile without giving warning. The stone slid and fell upon Hachey, inflicting serious injury. Hachey was without fault in the matter.

The Granite Corporation, plaintiff in error, conceding the negligence of Bessanti, the boss derrickman, contends that his failure to give warning of the movement of the derrick and of the dropping of stone was a negligent performance of the duties of a fellow servant of Hachey. The defendant in error contends that under the circumstances

173 F.—50

the master, in order to make the place at the side of the grout pile a reasonably safe working place, was bound to give warning, and that the person employed to give warning was performing a part of the master's nondelegable duty.

In support of the contention that in respect to the duty of giving warning of the dropping of stone the boss derrickman was not a fellow servant, but a representative of the master, the defendant in error suggests a distinction between the failure to observe a rule necessary in maintaining a safe place and the failure to observe a rule promulgated for the successful operation of the work. It is argued that the giving of a warning signal was not a work of operation, and that it was distinct from the duty of handling the rock. Such a division of the duties of the boss derrickman into two parts—that is, the operation of the derrick and moving of rock, wherein he would be a fellow servant, and that of giving warning, wherein he would not be a fellow servant—is not sound. Those cases which, in general terms, state it to be the master's duty to give warning to inexperienced servants or of special dangers are not applicable to the facts of the present case, though they may furnish some general phrases which seem to give support to the argument of the defendant in error. The general proposition that it is the duty of the master to give warning is not to be so extended as to require him to give in person or to insure the giving by others of all those special signals or shouts, which are so associated with the work of operation as to become part of it. The employment of different men in different parts of the general work requires under many circumstances the giving of signals as an accompaniment of the work itself, in order that there may be co-operation in the movement of the men. The giving of such signals is a part of the work of operation. Such signals are rather the giving of information of what one workman is about to do, in order that his fellow workmen may have knowledge of it and conduct themselves accordingly, than the giving of orders which are to be considered as the orders of a master. Standard Oil Company v. Anderson, 212 U. S. 216–226, 29 Sup. Ct. 252, 53 L. Ed. 480. The master may intrust to a competent servant the work of shouting or otherwise signaling when he is about to hoist or to lower away, and it is not the master's fault if such a servant fails to inform his fellow servants of the movement of the machine under his charge.

The evidence does not show any failure of the master to make reasonable provision that proper signals should be given. The uninterrupted custom of the work at the quarry shows that there was no defect in the system established by the master. The authorities do not support the contention that the master is an insurer of the sufficiency of the means that he selects for giving signals. There can be little doubt that the boss derrickman, who controls the movements of the derrick by signaling the engineer, is a suitable, if not the most suitable, person to intrust with the duty of giving warning of the proposed movements of the derrick. By the course of business, with which Hachey by many years of experience had become familiar, the duties of operating the derrick and of giving notice of its operations were related and associated duties intrusted to a fellow workman. Reason-

able provision for giving warning having been made, the danger that this workman might be negligent in a single instance in the performance of his duty was a risk assumed by Hachey.

It being conceded that it was the general duty of the boss derrickman both to operate the derrick and to give signals of its operation, the fact that shortly before the accident the general superintendent of the quarry gave him special instructions to look out for the men behind the grout pile did not change his status as a fellow servant or enlarge the master's liability for his failure of duty. The authorities cited by the plaintiff in error amply sustain its contention that the negligence of Bessanti was of a fellow servant, and not the negligence of the master. Among them are Alaska, etc., Mining Co. v. Whelan, 168 U. S. 86, 18 Sup. Ct. 40, 42 L. Ed. 390; McLaine v. Head & Dowst, 71 N. H. 294, 52 Atl. 545, 58 L. R. A. 462, 93 Am. St. Rep. 522; Northern Pacific R. R. Co. v. Charless, 162 U. S. 359, 16 Sup. Ct. 848, 40 L. Ed. 999; Martin v. Railroad Co., 166 U. S. 399, 17 Sup. Ct. 603, 41 L. Ed. 1051; Hermann v. Mill Co. (D. C.) 71 Fed. 853; Fortin v. Manville Co. (C. C.) 128 Fed. 642. See, also, Kreigh v. Westinghouse & Co., 214 U. S. 249–256, 29 Sup. Ct. 619, 53 L. Ed. 984; Perry v. Rogers, 157 N. Y. 251–255, 51 N. E. 1021 et seq.; 26 Cyc. 1338.

The judgment of the Circuit Court is reversed, with costs of appeal to the plaintiff in error.