FORTIN v. MANVILLE CO.

(Circuit Court, D. Rhode Island. March 22, 1904.)

No. 2,714.

**1. MASTER AND SERVANT—INJURIES TO SERVANT—SAFE PLACE TO WORK—ASSUMPTION OF RISK.**

Where a platform on which plaintiff was engaged to work in removing cotton was not dangerous, except as it became so from time to time when cotton was thrown onto the platform from the third floor of the building above, the hazard was a temporary danger of the business, which plaintiff assumed.

**2. SAME—KNOWLEDGE OF DANGER.**

Where, in an action for injuries to the servant by being struck by a cotton bale thrown from the third floor of a warehouse to the platform

---

¶ 1. Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.

on which he was working in accordance with the custom of the business, there was no allegation that plaintiff was ignorant of the method of removing the bales from the third story of the warehouse to the platform, but merely an allegation that he was utterly oblivious of the danger and without reason to anticipate danger, the declaration was insufficient.

3. SAME—FELLOW SERVANTS.

Where plaintiff was engaged in removing cotton from a platform, and he was injured by being struck by a bale of cotton thrown onto the platform from the third story of the warehouse, an allegation of his complaint that defendants, without warning, did cause and permit a bale of cotton to be thrown from the third story of the warehouse to the platform, should be construed as an allegation that the bale was thrown by a fellow servant.

4. SAME—DUTY TO WARN.

Where, in an action for injuries to a servant by being struck by a cotton bale thrown from the third story of the warehouse to the platform on which he was working, it did not appear that the practice of so throwing the bales was an unknown risk, or that it was other than one of the ordinary risks of the business, known to plaintiff, a mere allegation that it was defendant's duty to warn plaintiff, which had not been done, without an allegation of facts from which it appeared that a duty to give warning existed, was insufficient.

5. SAME.

In an action for injuries to a servant, an allegation that plaintiff was in the exercise of due care and diligence, and utterly without knowledge or warning of any danger, and without reason to anticipate the same, is not the equivalent of an allegation that plaintiff was not familiar with the way in which the work was done, and that he did not have knowledge of the risks of the business.

On Demurrer to Declaration.

Barney & Lee, for petitioner.
John J. Heffernan, for defendant.

BROWN, District Judge. This is an action for negligence. The first count of the declaration alleges that the defendant company threw, or permitted to be thrown, bales of cotton from a doorway on the third floor of its cotton house to a platform on the first floor; that this platform was used by employés in carrying bales of cotton on trucks from the first floor of the cotton house to the picker room; that, by throwing bales of cotton from the third floor, the platform and first floor of the cotton house were rendered "a dangerous, unsafe, and hazardous place for the employés engaged in trucking bales." The count avers that the defendant "did carelessly and negligently maintain and allow said premises where the said plaintiff was set to work to be in an unsafe and unsuitable condition, and so as to endanger the life and person of the plaintiff (of all of which the plaintiff was ignorant and unaware), by allowing and permitting said opening in said third floor or story of said cotton house to be used for transferring said bales of cotton from said third floor to said platform below, without providing lowering devices or other appliances for lowering said bales of cotton from said third story of said cotton house."

The practice of throwing bales from an upper story was not in itself a violation of the master's duty to provide suitable appliances, or to take reasonable care to maintain his premises in a suitable and safe condition. While, as a general rule, it is the duty of the master to

exercise ordinary care to provide a reasonably safe place to work, this rule cannot be applied to cases in which the very work in which the servant is engaged changes the character of the place for safety as the work progresses. When the servant engages in a work that in its progress makes the working place hazardous from time to time, the hazard of such temporary danger becomes a risk of the business. Finalyson v. Utica Mining & Milling Co., 67 Fed. 507, 14 C. C. A. 492; Bethlehem Iron Works v. Weiss, 100 Fed. 45, 40 C. C. A. 270. The danger to which the plaintiff was exposed was a danger arising from the work of transporting cotton, not a danger from the condition of the premises. The persons who were engaged in removing cotton from the third floor were in a common employment with the plaintiff, who was engaged in moving cotton from the first floor. There is no allegation that the plaintiff was ignorant of this method of removing the bales from the third story of the cotton house, and it cannot be inferred from the declaration that this risk was a latent or concealed danger, or that it was not a well-known risk of the business.

The allegation that the plaintiff "was utterly oblivious of danger, and without reason to anticipate danger," is not a sufficient allegation that the plaintiff was not aware of the practice of throwing bales from the third story. The pleader apparently has attempted, in this count, to avoid the questions of assumption of risk, and of negligence of fellow servants, by charging negligence of the master in maintaining its premises in an unsafe condition. The declaration shows, however, an injury resulting from the progress of the work. Furthermore, according to the views of the Supreme Court of Rhode Island in Dimarcho v. Builders' Iron Foundry, 18 R. I. 515, 27 Atl. 328, 28 Atl. 661, the allegation that "the defendants, without any warning, did cause and permit a large quantity of cotton, to wit, a bale of cotton, * * * to descend without supports, to wit, to be thrown," must be construed as an allegation that the bale was thrown by a fellow servant. The first count does not, in my opinion, state a cause of action.

The second count is said to be for the defendant's negligence in failing to give the plaintiff warning. The mere allegation of the existence of a duty to give warning is of no avail, unless facts are pleaded from which it appears that the duty to give warning existed. There is no allegation as to the length of time the plaintiff had been engaged in this work, as to his youth or inexperience, or that he was ignorant of the manner of doing the work. It does not appear that this practice of throwing bales out of a window was an unknown risk, or that it was other than one of the ordinary risks of the business, known to the plaintiff. There is no presumption of ignorance of a risk of this kind; and, without an express allegation of the plaintiff's ignorance or inexperience in the work, the existence of a duty to give warning is not apparent. The clause, "while the plaintiff was in the exercise of due care and diligence, and utterly without knowledge or warning of any danger, and without reason to anticipate same," is not the equivalent of an allegation that he was not familiar with the way in which the work was done, and that he did not have

a full knowledge of this risk of the business. The necessity of a warning is to give the servant knowledge of the risk. When he has such knowledge, failure to give warning becomes immaterial. In order to show a duty to give warning, it must appear that the risk was one not obvious or not known to the plaintiff.

Demurrer sustained