## KASADARIAN v. JAMES HILL MFG. CO.

(Circuit Court, D. Rhode Island. May 19, 1904.)

No. 2,737.

1. MASTER AND SERVANT—INJURIES TO SERVANT—PLEADING.

Where the first four counts of a declaration charged that plaintiff, a helper engaged in assisting in changing the dies on a press, was injured by the fall of the plunger from an unknown cause, and such fall might have been due either to the negligence of a fellow servant in charge of the press or to some cause which could not reasonably have been anticipated and guarded against by the master, such counts did not state a cause of action.

2. SAME—DUTY OF SERVANT.

Where plaintiff, a mere laborer called on to exert his strength in changing a heavy die, part of a power press, was injured by the falling of the plunger, he was not necessarily chargeable with the duty of a close inspection of the condition of the machinery near which he was set to work, but was entitled to assume that the person in immediate charge of the machine had properly performed his duty to make it safe before requiring plaintiff to work about it.

3. SAME.

Where a declaration in an action for injuries to a laborer directed to assist in changing heavy dies, part of a power press, charged negligence in the employment of an incompetent die setter, and alleged that such person negligently directed plaintiff to assist in changing the dies without taking proper precautions to prevent a fall of the plunger, and that the plunger, from some unknown cause, fell and injured plaintiff, such allegations sufficiently stated a cause of action, since the competency of the die setter, and whether it was negligent to change the dies without effectually providing against the fall of the plunger, were for the jury.

On Demurrer to Declaration.

Frank Healy, for plaintiff.
Herbert A. Rice, for defendant.

BROWN, District Judge. The plaintiff's hands were injured by the fall of the plunger of a power press at a time when the plaintiff was engaged in helping to set a die. It is alleged that the plunger fell from

¶ 2. See Master and Servant, vol. 34, Cent. Dig. §§ 713, 714.

some cause unknown to the plaintiff. The immediate management of the operations of the power press, including the starting, stopping, and changing of dies, obviously was not a duty which the master had contracted to perform in person or by a vice principal. It is not alleged that the plaintiff was charged with any duty in respect to the control of the machine; and, from the allegation that the plaintiff was "engaged in the operation of helping to set a die on said press while said press was not in use and apparently harmless," it does not follow that the master was under any obligation to instruct the plaintiff either in the management of the machine or in the use of the safety device which formed part of the machine. The mere allegation of the existence of a duty to give warning or instructions is of no avail unless facts are pleaded from which it appears, or from which a jury may find, that a duty to give warning or instructions existed. Fortin v. Manville Co., 128 Fed. 642 (decided in this court March 22, 1904).

Was the master guilty of any breach of duty in failing to warn the plaintiff of the danger of a fall of the plunger? It does not appear that the machine was in any respect defective; and it does appear that the machine was provided with a safety device which, if applied, would have prevented the fall of the plunger. Apparently, the plaintiff's theory of the case is that a failure to use the safety device was a failure by the master to provide the plaintiff with a safe place to work. The temporary application of a safety device, and the control of the machine during the operation of changing dies, were a part of the duties of those in immediate charge of the machine, and not a part of the master's general duties.

In the first four counts of the declaration, there are no allegations showing that the machine was not in charge of a competent man. It appears, however, that the plaintiff was merely an unskilled laborer or helper. The fall of the plunger may have been due either to negligence of a fellow servant in charge of the power press or to some cause which could not reasonably have been anticipated and guarded against by the master. If, as is alleged in the fifth count, the plaintiff was working as a helper to the person in charge of the machine, who had control of the changing of the dies and of the machine at that time, a failure to set the safety device, and an attempt to set the dies while the machine was still capable of being connected with power through the treadle, cannot be said to be a failure of the master to perform any of his duties. The only danger inferable from the declaration is the danger that the person in charge of the machine might undertake to change the dies before the flywheel had stopped, and that at this time the treadle, in some way, might be operated, and cause the fall of the plunger, unless it was blocked by the temporary application of the safety device. Unless it was the duty of the master to foresee that the change of dies might be attempted while the flywheel was still in motion, and that the treadle might be operated at this time, there was no reason to give warning. If, however, it was negligent to change the dies under such circumstances, this was negligence in the temporary management of the machine. The master's duty in this respect could have been performed by placing a competent person in charge of the machine. If there was a duty to give warning, it must be predicated upon the possibility of

negligence of the person in charge of the machine. The ordinary method of providing against negligence of this character would consist, not in giving warning of the consequences of negligence, but in placing in charge of the machine a person who would not be negligent.

I am of the opinion that the first four counts of the declaration are not demurrable on the ground that they show a voluntary assumption of risk or that the plaintiff was guilty of contributory negligence. A mere laborer, called upon to exert his strength in handling heavy dies, is not necessarily chargeable with the duty of a close inspection of the condition of the machinery near which he is set to work. On the contrary, he may be entitled to assume that the person in immediate charge of the machine has properly performed his duty; and the mere fact that a flywheel is running on a shaft in the vicinity of the machine does not, in itself, necessarily inform him that the machine has not been made safe for the operation of changing the dies.

The fifth count charges negligence in employing an incompetent die setter, and alleges that this person negligently directed the plaintiff to work in changing the dies without taking proper precautions to prevent a fall of the plunger, and that the plunger, from some cause unknown, fell. Whether the die setter was incompetent, and whether it was negligent in the die setter to change the dies without providing effectually against the fall of the plunger, either by setting the safety device or by waiting until the flywheel had ceased to revolve, are questions for the jury under the allegations of the declaration. But the gist of this count is negligence of the defendant in employing an incompetent servant. While the precise cause of the fall of the plunger is said to be unknown, and while the mere fall of the plunger gives rise to no presumption of negligence of the master in the performance of his duty, it may give rise to a reasonable presumption of negligence of the fellow servant in control of the machine. Even should it appear that the treadle was operated, and caused the fall of the plunger, it cannot be held on demurrer that this would necessarily relieve the defendant from liability. Whether there was reasonable cause to anticipate the operation of the treadle during the change of dies, and whether reasonable diligence required that this should have been foreseen and guarded against, are questions for the jury.

I am of the opinion that neither of the first four counts discloses a cause of action, but that none of the causes of demurrer to the fifth count is sufficient. Demurrers to the first four counts sustained on the ground that neither count sufficiently states a cause of action. Demurrer to the fifth count overruled.