168 U.S. 86
 18 S.Ct. 40
 42 L.Ed. 390
 ALASKA TREADWELL GOLD MIN. CO.
v.
WHELAN.
 No. 33.
 October 18, 1897.
 
 This was an action brought in the district court of the United States for the district of Alaska against a mining corporation by a workman in its employ. The complaint alleged: 'That on November 23, 1891, and for nearly six months prior thereto, this plaintiff was in the employ of said defendant, as a workman in the mine of said defendant, in breaking and preparing rock for the chutes, and doing other work, as ordered by the foreman of said defendant, one Samuel Finley, under whom this plaintiff worked, and from whom he received his orders; that on November 23, 1891, while this plaintiff was yet in the employ of said defendant, he was ordered by the foreman of said defendant company to break rock immediately above and over one of the chutes of the defendant company; that, in compliance with the orders of the foreman of said defendant, and as became his duty so to do, the plaintiff proceeded to his place immediately above and over said chute, and commenced to break said rock, as he had been ordered so to do; and that, while so engaged, and carefully and skillfully and without negligence performing his duties, as aforesaid, and without the knowledge of this plaintiff, and carelessly and negligently, the foreman of said defendant drew, or caused to be drawn, the gate at the mouth of said chute over which this plaintiff was working, thereby causing the rock at the head of said chute to be suddenly drawn in, carrying this plaintiff with it, through said chute, a distance about 30 feet, and completely covering him with great quantities of rock and d ebris,' thereby greatly injuring him.
 At the trial, the plaintiff, being called as a witness in his own behalf, gave evidence tending to support the allegations in the complaint, and testified that on the night of November 23, 1891, he was sent by Samuel Finley, the boss in the pit, to the top of a chute, there to break rock and pound it fine enough to go through the chute, which connected with the tunnel through which the rock was shot into cars to be taken to the mill; that at the bottom of the chute was a gate, always closed until the chute was filled, and orders given to draw it; that Finley's custom was to come upon the top of the chute, to see if the rock was broken fine enough, and, if it was all right, to tell the men to come down, as he was going to draw; and that at the time in question, after putting the plaintiff and others to work at the chute, he never gave them any notice that he was going to draw.
 Finley, being called as a witness for the defendant, testified that he did give notice to the men before drawing the chute. The defendant introduced evidence, which was uncontradicted, that its business was under the control of a general manager, and was divided into three departments,—the mine, the mill, and the chlorination works,—each of which departments had a foreman or superintendent under the general manager; that the mine department had three shifts or gangs of workmen,—two by day and one at night,—and that Finley was boss of the one at night.
 There was conflicting evidence upon the question whether Finley had authority to engage and discharge the workmen under him.
 No other material testimony was introduced as to the relation of the plaintiff and Finley to each other or to the defendant.
 At the close of the whole evidence, the defendant requested the court to direct the jury to return a verdict for the defendant, upon the ground that the plaintiff's injuries were the result of the negligence of a co-employe e or felow workman, Samuel Finley, for which the defendant was not liable. The court overruled the motion, and the defendant excepted to the ruling.
 The court afterwards instructed the jury as follows: 'The true test is whether the person in question is employed to do any of the duties of the master. If so, he cannot be regarded as the fellow servant, but is the representative of the master, and any negligence on his part in the performance of the duty thus delegated to him must be regarded as the negligence of the master. You have heard the testimony as to Finley's authority and duties, and whether or not he had any power to employ men or discharge them, or whether he simply acted under another man, who had the same power over him that was exercised over other laborers.'
 The jury returned a verdict for the plaintiff, and judgment was rendered thereon, and affirmed firmed by the circuit court of appeals. 29 U. S. App. 1, 12 C. C. A. 225, and 64 Fed. 462. The defendant sued out this writ of error.
 T. Z. Blakeman, for plaintiff in error.
 Oscar Foote, for defendant in error.
 Mr. Justice GRAY, after stating the case, delivered the opinion of the court.
 
 
 1
 The evidence introduced at the trial, giving it the utmost possible effect in favor of the plaintiff, was insufficient to support a verdict for him, and the defendant's request, made at the close of the whole evidence, to instruct the jury to return a verdict for the defendant, because Finley, whose negligence was the ground of the action, was a fellow servant of the plaintiff, should have been granted.
 
 
 2
 Finley was not a vice principal or representative of the corporation. He was not the general manager of its business, or the superintendent of any department of that business. But he was merely the foreman or boss of the particular gang of men to which the plaintiff belonged. Whether he had or had not authority to engage and discharge the men under him is immaterial. Even if he had such authority, he was none the less a fellow servant with them, employed in the same department of business, and under a common head. There was no evidence that he was an unsuitable person for his place, or that the machinery was imperfect or defective for its purpose. The negligence, if any, was his own negligence in using the machinery, or in giving orders to the men.
 
 
 3
 The case is governed by a series of recent decisions of this court, undistinguishable in their facts from this one: Railroad Co. v. Keegan, 160 U. S. 259, 15 Sup. Ct. 269; Railroad Co. v. Charless, 162 U. S. 359, 16 Sup. Ct. 848; Railroad Co. v. Peterson, 162 U. S. 346, 16 Sup. Ct. 843; Martin v. Railroad Co., 166 U. S. 399, 17 Sup. Ct. 603. See, also, Wilson v. Merry, L. R. 1 H. L. Sc. 326.
 
 
 4
 This ground being decisive of the case, no opinion need be expressed upon other questions argued at the bar.
 
 
 5
 Judgments of the circuit court of appeals and of the district court reversed, and case remanded to the district court, with directions to set aside the verdict, and to order a new trial.
 
 
 6
 The CHIEF JUSTICE and Mr. Justice HARLAN dissented.