### LOCHBAUM v. OREGON RY. & NAV. CO.

(Circuit Court of Appeals, Ninth Circuit. November 5, 1900.)

No. 469.

MASTER AND SERVANT—FELLOW SERVANTS—RAILROAD SECTIONMEN AND FOREMAN.

A section foreman on a railroad, who is under a division road master having authority to direct the work and inspect the same, and who is required to report to a general road master, who in turn reports to the general superintendent, is a fellow servant with the men working under

him, whether or not he has authority to hire and discharge them; and the company is not liable for an injury to one of the men resulting 'om his negligence.[1]

In Error to the Circuit Court of the United States for the Southern Division of the District of Washington.

The plaintiff in error was a workman in the employment of the defendant in error, a corporation, which was operating a line of railway in the state of Oregon. The railroad ran through a certain cut bounded upon either side by steep and nearly perpendicular embankments. The plaintiff in error was brought into the cut with some 20 or 30 other men, under the direction of Peter Grant, a foreman, who had the ordinary authority of a section foreman, and was put to work digging out the ditches along the sides of the track and beneath the overhanging banks. While so employed, a rock became dislodged from the side of the cut above him, and fell, striking him on the head, causing a permanent injury, for which he sought damages in the present action. It appeared from the evidence that in the spring, when the ground began to thaw, the ditches of the railroad as it passed through the Blue Mountains became filled with earth and rocks which were dislodged and fell from the sides of the banks. The plaintiff and the gang of men with whom he was working had been for some time engaged in cleaning out ditches and taking rock and dirt therefrom, so that water could run out. It was usual, before beginning work in a cut, to have the banks above scraped so as to dislodge the loose material. On the morning on which the accident occurred such precaution had been taken in the first cut in which the gang had worked. Just before noon they moved to a second cut, and were directed by the foreman to go to work cleaning out the ditches, but no one was first sent up the banks to scrape down the loose rock. The plaintiff himself had been engaged in scraping the banks in the first cut, and he admitted in his testimony that he knew that no such precaution had been taken in the second cut. His explanation of this omission to scrape the banks of the second cut is that the dinner hour was approaching, and they were in a hurry. It appeared further in the evidence that rocks frequently fell from such embankments while the men were at work cleaning out the ditches, and there was testimony that one of the workmen had upon the day prior to the accident quit work on account of the risk of being injured by the falling rocks. Upon the close of the testimony the court, upon the motion of the defendant in error, directed the jury to return a verdict for the defendant, upon the ground that the company was not responsible for the negligence of the foreman of the gang of workmen, and that the plaintiff assumed the risks connected with his employment, and was guilty of contributory negligence.

P. J. Cavanaugh, for plaintiff in error.
W. W. Cotton, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The motion to dismiss the writ of error upon the ground that it was not sued out within six months after the entry of the judgment is denied upon the authority of Insurance Co. v. Phinney, 178 U. S. 327, 20 Sup. Ct. 906, 44 L. Ed. 1088.

It is contended that the foreman, Peter Grant, stood in the attitude of vice principal to the plaintiff in error, and that he was negligent in not first ordering the men to scrape the banks before be-

---

[1] Fellow servants, see notes to Northern Pac. R. Co. v. Smith, 8 C. C. A. 668, Canadian Pac. Ry. Co. v. Johnston, 9 C. C. A. 596, and Flippin v. Kimball, 31 C. C. A. 286.

ginning work in the ditches, and in not stationing a man to warn the gang against falling rocks. It appeared from the testimony that Peter Grant was section foreman, and had authority to hire and discharge men for the work in which the plaintiff in error was engaged, and that he reported to one F. Brown, who was one of six division road masters on the line of the railroad; that Brown, as such division road master, had authority to determine what work was to be done on his division, and from time to time inspected it and examined it; and that he in turn was required to report to the general road master in charge of the entire road, and the general road master reported to the general superintendent. Upon this statement of the facts we think there can be no question that under the ruling in Mining Co. v. Whelan, 168 U. S. 86, 18 Sup. Ct. 40, 42 L. Ed. 390, Peter Grant was a fellow servant of the plaintiff in error. In that case the court held, in a case where the business of a mining corporation was in the control of a general manager, and was divided into three departments, of which the mining department was one, and each department had a superintendent under the general manager, and in the mining department were several gangs of workmen, that the foreman of one of these gangs, whether he had or had not authority to engage and discharge the men under him, was a fellow servant with the men, and the corporation was not liable to one of the men for injuries caused by the foreman's negligence in managing a machine or in giving orders to the men. It is impossible to distinguish that case from the case at bar, and it becomes unnecessary to discuss the decisions of the state courts which are cited by the plaintiff in error. The judgment of the circuit court is affirmed.