### VILTER MFG. CO. v. OTTE.

(Circuit Court of Appeals, Eighth Circuit. November 6, 1907.)

#### No. 2,584.

MASTER AND SERVANT—INJURY TO SERVANT—FELLOW SERVANTS.

The fact that a foreman in charge of a single job of work being done by defendant corporation, who worked with the men under him, had the power to hire and discharge them and to direct their movements in that particular work, did not erect that single job into a department of defendant's business so as to make the foreman a vice principal, but he remained a fellow servant with the men under him, and for his negligence resulting in an injury to one of such men defendant cannot be held liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 422–488.

Who are fellow servants, see notes to Northern Pac. R. Co. v. Smith, 8 C. C. A. 668; Flippin v. Kimball, 31 C. C. A. 286.]

In Error to the Circuit Court of the United States for the District of Nebraska.

Ralph W. Breckenridge (Charles J. Greene, on the brief), for plaintiff in error.

Edson Rich (J. C. Cook, on the brief), for defendant in error.

Before VAN DEVANTER and ADAMS, Circuit Judges, and RINER, District Judge.

ADAMS, Circuit Judge. The manufacturing company was engaged in installing a refrigerator plant in a brewery in Fremont, Neb., and while lifting into place some refrigerating pipe, Otte, one of its employés, was injured. He successfully prosecuted a suit for damages in the court below, and this writ of error is brought to secure a reversal of the judgment. The court below was requested at the close of all the evidence to direct a verdict in favor of the defendant on the

ground that if there was any negligence it was the negligence of a fellow servant. Instead of complying with that request the court instructed the jury that "the person in charge of the work on the part of the defendant [whose name was Wright] had control of the men, the employment of the men, and discharging them and directing them, and for that reason the court instructs you as a matter of law that he was the vice principal, * * * and not a fellow servant." It will be assumed that there was evidence tending to show the facts upon which the learned trial judge predicated his conclusion. There was also evidence, which is undisputed, that Wright was the foreman in charge of the men on the job, that he worked with them doing the same manual labor which they did, and that he worked under the immediate direction of a man by the name of Flemming, who was the general western agent of the defendant company, and who was frequently at Fremont during the progress of the work. Wright ordered one of the six men working with him and under his direction to knock out a support which was holding up a heavy frame of refrigerating pipes about to be elevated into place by a block and tackle. In obedience to that command the support was removed, and the suspended frame swung and lurched in some way unnecessary to specify and caught Otte by the thumb and lacerated it so that it had to be amputated. The negligence charged and relied upon for a recovery was the giving of the order to remove the support suddenly and without warning to plaintiff.

The logic of the charge, in view of the undisputed evidence, is that, even if Wright was only a foreman actually working with a gang of men under the immediate direction of a superintendent, yet if he had charge of the work, the right to hire and discharge men for that work, and to direct them in that work, he was a vice principal, and his negligence was imputable to the master. The evidence does not disclose that defendant was engaged in a business which naturally or reasonably, within the rule laid down in B. & O. R. R. v. Baugh, 149 U. S. 368, 383, 13 Sup. Ct. 914, 37 L. Ed. 772, consisted of different departments which required different executive heads, or that there were any such departments. On the contrary, so far as disclosed by this record, the defendant had one business, simple and indivisible in its character, and directed as usual by its general officers or agents. There is no proof that Wright was intrusted with the management and supervision of defendant's entire business, or of any separate department as known to the law. He, with the plaintiff, was engaged at the time of the injury to the latter in executing a single and separate piece of work, one out of many in the general business of the master; and at the time of the injury they were actually working together in doing the act which produced the injury.

In these circumstances the fact that Wright had actual control of the crew, the power to hire and discharge them, and to direct their movements in that particular work, did not erect that single job into a department of defendant's business, and did not make him a vice principal. Alaska Mining Co. v. Whelan, 168 U. S. 86, 18 Sup. Ct. 40, 42 L. Ed. 390; City of Minneapolis v. Lundin, 7 C. C. A. 344, 58 Fed. 525; United Zinc Companies v. Wright, 156 Fed. 571; Westing-

house, Church, Kerr & Co. v. Callaghan (C. C. A.) 155 Fed. 397, recently decided by this court. He was in law and fact a fellow servant with the plaintiff in the construction of the refrigerating plant in question, and the risk of his negligence, if any, was assumed by his co-employés. Any other conclusion would make every separate job a separate department of business and every workman whose duties embraced the exercise of temporary authority over his fellows a vice principal. Such is not the law. Under the authority of the cases just referred to, the plaintiff was not entitled to recover, and the court should have instructed the jury, as requested, to find a verdict for defendant. The judgment is reversed, and the cause remanded to the circuit court, with directions to grant a new trial.