# ANTONIO ORTIZ

*v.*

# SOBRINOS DE EZQUIAGA.

San Juan, Law, No. 1164.

EMPLOYER'S LIABILITY.

Charge—Error without Injury.

1. If the charge as a whole shows that the elements of the case are properly taken into account, a passage possibly misleading if taken only by itself will not be error.

Contractor—Servant.

2. Where a specific piece of work is accomplished entirely according to the workman's own ideas, the workman is a contractor; but where he does the will of the employer in the details of the work, and not merely the result, he is a servant. The defense of independent contractor is not subject to the rule of good father of a family except as to the selection of the contractor.

Workman—Holding up Coal Chute.

3. Holding up a coal chute is not part of the risk assumed by a workman unloading coal, and an unheard order as to changing the apparatus does not affect him.

Vice Principal—Fellow Servant.

4. Where under appropriate instructions the facts are left to the jury to determine whether an employee is a vice principal or a fellow servant, the verdict will not be disturbed.

NOTE.—For authorities discussing the question as to who are independent contractors generally, see comprehensive notes on all phases of the question, in 65 L.R.A. 445, and 17 L.R.A.(N.S.) 371.

Doctrine that all superior servants are vice principals as regards their subordinates is discussed in a note in 51 L.R.A. 539.

Ortiz v. Ezquiaga.

Fellow Servant—Porto Rico.

    5. The doctrine of fellow servant comes from the common law, and does not apply in Porto Rico unless adopted by statute or judicially made a part of the general jurisprudence of the country.

Opinion filed April 3, 1918.

---

*Mr. H. R. Francis* for plaintiff.

*Mr. F. H. Dexter* for defendants.

HAMILTON, Judge, delivered the following opinion:

In the case at bar the plaintiff was working for the defendant in unloading coal from a schooner on the San Juan dock, and was injured by the fall of the chute. The jury gave a verdict for the plaintiff, and the defendant seeks a new trial because of alleged errors in the charge of the court. These will be taken up seriatim.

1. The court charged that if Fernandez, the man in charge of the work, were a regular employee, the defendant would be liable for what he did. This must of course be taken in connection with the rest of the charge, which relates to fellow servant, vice principal, risk, and the usual elements of a suit for personal damages. The defendant alleges that the court should have made some distinction between the employment of Fernandez as a watchman and his employment in this case as an independent contractor. It is quite true that his employment as a watchman would not make the defendant responsible for what he did in another capacity, but taking the charge

altogether it would seem that there could not have been any confusion caused in the mind of the jury. The charge goes entirely upon his employment in this particular matter of unloading the coal vessel.

2. The second ground of the application is that part of the charge as to a good father of a family eliminated the defense of independent contractor. Other parts of the charge dwell quite fully upon the defense of independent contractor, and it is not perceived that any error was committed. It is impossible to deal with all phases of a long case at one time. They must be taken up successively. As previously held by this court, the defense of independent contractor is a valid one in Porto Rico just as elsewhere in the United States. The civil-law rule is that a man is liable for his own negligence, but is not liable for the negligence of others except in certain five cases, of which the only one relevant at all is that an employer is liable for the negligence of his employees in the discharge of their respective duties. Civ. Code, § 1804. And even there the exception prevails that he is excused from this liability provided he has "employed all the diligence of a good father of a family to avoid the damage." This liability for the fault or negligence of another is limited to employer and employee, and consequently the exception from liability under the good father of a family rule is also limited to the employer. On the other hand the word "contractor" "has come to be used with special reference to a person who, in the pursuit of an independent business, undertakes to do a specific piece or job of work for other persons, using his own means and methods without submitting himself to control as to the petty details. The true test of a contractor would seem to be that he renders

Ortiz v. Ezquiaga.

the service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. The term 'contractor' is often used as meaning independent contractor." 13 C. J. 211, and citations. "The significant element in the relation of an employee and his employer, specifically considered, is personal service; while the significant element in such relation between a contractor and his principal is the work as an entirety to be performed by him." Farmer v. St. Croix Power Co. 117 Wis. 76, 98 Am. St. Rep. 914, 93 N. W. 830. Persons who supply laborers and teams for the construction and repair of a railroad, being paid by the day, either side having the right to stop work any day, are contractors, and not employees. Tod v. Kentucky Union R. Co. 18 L.R.A. 305, 3 C. C. A. 60, 6 U. S. App. 186, 52 Fed. 241. "One who contracts to do a specific piece of work, furnishing his own assistants, and executing the work either entirely according to his own ideas or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is clearly a contractor, and not a servant." Shearm. & Redf. Neg. 6th ed. § 165. On the other hand, if the one rendering service "submits himself to the direction of his employer as to the details of the work, fulfilling his wishes not merely as to the results, but also as to the means by which that result is to be attained, the contractor becomes a servant in respect to that work." Ibid.

The distinction, therefore, is that in a contract calling for an independent operation not subject to the control of the employer, the relation is that of contractor, and not servant.

X. Porto Rico.—23.

Campfield v. Lang, 25 Fed. 128, 131. Applying these principles to the case at bar, it was properly left to the jury to determine whether there was an independent contract or a contract of service. In the former case the rule of good father of a family did not apply, and all that would be required of the defendant was care in the selection of a contractor. In the latter case the principles of a good father of a family would apply, and the duty of the defendant would be not only care in employment, but care in supervision.

How far the charge of court went upon these principles need not be considered, because the motion for a new trial does not allege this as an error committed by the court, and in fact whatever was said by the court on the subject might well be referred to the hypothesis of master and servant. It was not shown that Fernandez conducted the business of unloading vessels, whether of coal or otherwise, on his own account as a regular business, or for anyone else except the defendant. What he did in this regard was for the defendant upon the numerous occasions that the defendant needed this class of service. It would be entirely for the jury to say, therefore, whether under the authorities the work of Fernandez was "an independent occupation." This was not the case of a technical business, but of unloading coal in bulk by unskilled labor and with rude devices, apparently made for the occasion. If the case was retried the court would be inclined to, hold on the facts proved that this was not a case of independent contractor, and if so any error committed in regard to the court's charge upon this subject would be error without injury.

3. The court charged the jury that having to hold up such

a coal chute all by one's self is not part of the risk assumed by a workman in unloading coal from a ship. Testimony of the plaintiff referred to by the defendant tends to show that his attention was devoted to holding the chute up, and so he did not hear the order to the other men to make some change in the apparatus which resulted in the chute's falling upon him. It is not perceived that this changes the situation. If it was not part of the risk assumed to hold up the coal chute, it was not part of the risk assumed to do that and do something more, i. e., listen for some other order, when all his attention was absorbed in holding up the chute.

4. Defendant insists that the court erred in not treating Fernandez as a fellow servant of the plaintiff, and relies upon the case of Alaska Treadwell Gold Min. Co. v. Whelan, 168 U. S. 86, 42 L. ed. 390, 18 Sup. Ct. Rep. 40. It is doubtless true that a mere foreman or boss of a gang of men employed in the same department of business and under a common head is a fellow servant with them, whether he has or has not authority to engage and discharge the men. In the case at bar, however, there does not seem to be any evidence that Fernandez and the plaintiff were employed under a common head. It is true that Fernandez was working at the job, and doubtless actually put his hand to different parts of it in the way of helping the men, but it was entirely in order to direct and assist them. There was no other person present to give them directions, and he acted entirely upon his own responsibility in all that he did. A member of the defendant firm seems to have come there incidentally, but certainly was not in charge of the actual work. If there was a head to the unloading of this coal, that head was Fernandez. If the job was

done by anyone except the defendant in person, if there was any principal of any kind in charge, that principal was Fernandez. If it is right to draw a distinction between a person who is doing work by means of another and that other person, or to call that other a vice principal because he is doing the work and acting under general orders, such vice principal was Fernandez. As to whether what was done by Fernandez amounted to the work of an employee or that of a vice principal, the point was left entirely open for the consideration of the jury. It is to be supposed from their verdict that they held Fernandez to be a vice principal, and not a fellow employee of the plaintiff. To apply the words of the Supreme Court the jury had the perfect right to conclude from the facts that Fernandez was the superintendent of the coal unloading department of the defendant's business. Under such circumstances the negligence of Fernandez in using the machinery or in giving the orders need not necessarily be considered as that of a fellow servant; but what it actually amounted to was to be determined by the jury under the facts, and was properly left to the jury. There is no doubt that at common law all who enter the employment of a common master to accomplish a common undertaking are prima facie fellow servants, and each assumes the risk of the others' negligence. The foreman or boss of a gang is a fellow servant of those under him to the same extent that they are coworkers of each other. An employee frequently acts in a dual capacity,—at times a fellow servant, at times a vice principal,—and the line of demarcation between the negligence whose risk the servant assumes and that for which the master is liable is whether the act done

Ortiz v. Ezquiaga.

is in the discharge of a positive duty of the master, when the negligence is that of the master, while if it was in the discharge of the employment, then it is the negligence of the employee as a fellow servant and is assumed by other fellow servants. Weeks v. Scharer, 49 C. C. A. 372, 111 Fed. 330. In the case at bar, however, this principle will not help the defendant, for having the plaintiff work in such a place and in such a manner as to uphold a coal chute all by himself was not providing a reasonably safe place, reasonably safe tools and appliances, and reasonably competent servants. Whether the jury considered Fernandez as a vice principal under the facts of the case, or whether they considered him a fellow servant, with the power to cause the plaintiff to work in an unreasonable manner and with unreasonable tools, would not change the result. It is considered, therefore, that the verdict in this case was due to the facts, and not to mistake of law.

5. The plaintiff also argues that the rule of fellow servant does not apply in civil-law communities like Porto Rico. It is a common-law doctrine, and does not apply here unless adopted by statute, or is judicially made part of the general jurisprudence of the community. Whether that is true need not be determined in this particular case. The considerations above seem sufficient to show that there is no proper ground for a new trial, which must be denied.

It is so ordered.