**SOUTHERN BELL TELEPHONE & TELEGRAPH CO. v. RICHARDSON.**

(Circuit Court of Appeals, Fifth Circuit. October 17, 1922.)

No. 3876.

Master and servant ⬥189(7)—Foreman authorized to employ and discharge men held a fellow servant.

Where two crews employed by a telephone company were working together under the direction of the foreman of one of them, while the men, assisted by the two foremen, were moving a pole during the absence of the superintendent, who was not accustomed to direct the work, the foreman, though authorized to employ and discharge members of his crew, was a fellow servant, and not a vice principal, of a member of the other crew, who was injured when the pole fell while the foreman undertook to hold the guy rope alone.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by J. H. Richardson against the Southern Bell Telephone & Telegraph Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for a new trial.

Shepard Bryan and Grover Middlebrooks, both of Atlanta, Ga. (Middlebrooks & Middlebrooks, of Atlanta, Ga., on the brief), for plaintiff in error.

George Westmoreland, John L. Westmoreland, and Sidney Smith, all of Atlanta, Ga. (Westmoreland & Smith and McClelland & McClelland, all of Atlanta, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The plaintiff, J. H. Richardson, recovered judgment against the Southern Bell Telephone & Telegraph Company, defendant, for personal injuries sustained while plaintiff was employed by defendant in the capacity of a lineman, and while he was engaged with a number of other workmen in dismantling telephone lines in the city of Atlanta.

The defendant had employed in this work, at the time the plaintiff was injured, 15 or 20 crews. There was a foreman of each crew. The foreman of plaintiff's crew was one Garner, the foreman of another crew was one Chaffin, and these two crews were working together at the time of the injury under the direction of Chaffin. One McLendon was superintendent of all the crews engaged in the particular work under consideration. McLendon was not present at the time of the accident, and was not accustomed to supervise or direct the work of the crews under the foremen.

At the time of the injury, plaintiff had climbed near to the top of a telephone pole for the purpose of cutting telephone wires. The telephone pole next to the one on which he was working was found to be decayed, and after having been secured in an upright position by guy ropes and pikes, had been cut off at the ground, and while the pole was being pushed away in order to give room to take up the stump, so that it could be reset, Chaffin, one of the foremen, and Reeves, a workman, were holding one of the guy ropes. The men who were attempting to move the pole over seemed to be unable to do so, whereupon Chaffin directed Reeves to assist in that work, while he alone undertook to hold the guy rope. At this time the pole, which the men were attempting to reset, became unmanageable and fell, and in falling, by means of the telephone wires attached to the two poles, pulled down also the pole upon which the plaintiff was, and severely injured him. There was testimony tending to show that Chaffin, the foreman, had the power to employ and discharge the members of his crew.

At the conclusion of all the evidence, the defendant moved the court to direct a verdict of not guilty, upon the ground, among others, that the plaintiff and Chaffin were fellow servants. But the court denied the motion, and the defendant excepted.

The plaintiff seeks to recover upon Chaffin's negligence in sending Reeves to the assistance of the other workmen, who were attempting to reset the pole, and in undertaking to hold the guy rope by himself.

The theory of the plaintiff is that Chaffin was the vice principal of the defendant. It is contended that his acts bound the defendant, because he had the power to employ and discharge the members of the crew of which he was foreman. But such power is insufficient to constitute the relationship claimed. The right of recovery could not be predicated upon the failure of the master to perform any of its nondelegable duties, such as furnishing a safe place to work, safe tools with which to work, and due care in the selection and retention of its workmen.

The injury occurred before the passage of the Georgia Compensation Act (Acts Ga. 1920, p. 167), and is to be disposed of under the fellow-servant doctrine of the common law. There is no difference in principle between this case and that of the Alaska Mining Co. v. Whelan, 168 U. S. 86, 18 Sup. Ct. 40, 42 L. Ed. 390, in which the right of recovery under very similar facts was denied. The rule there established, upon a review of the decisions, was followed by this court in McDonald v. Buckley, 109 Fed. 290, 48 C. C. A. 372, and at the time of the injury prevailed in the state of Georgia. Moore v. Dublin Cotton Mills, 127 Ga. 609, 56 S. E. 839, 10 L. R. A. (N. S.) 772.

The judgment is reversed, and the cause remanded for a new trial.