## UNITED STATES v. SIEVERS.

## SIEVERS v. POTTER.

(District Court, D. Massachusetts.    April 6, 1923.)

Nos. 2153, 3670.

**Intoxicating liquors ⊜⇒251—To be returned on showing of seizure on illegal search; "private dwelling."**

One from whose suite in a hotel, which he used and occupied not transiently but solely as a residence, and which therefore was not used for hotel purposes, but under National Prohibition Act, tit. 2, § 25, constituted his private dwelling, liquor was taken under warrant authorizing search merely of the hotel, is entitled to return of the liquor on mere showing of the illegal search and seizure.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Private Dwelling.]

Criminal prosecution by the United States against Dietrich H. Sievers.    Defendant moved, and instituted civil proceeding against Elmer C. Potter, for return of liquor as taken under illegal search.    Return ordered.

Harry M. Ehrlich and Joseph B. Ely, both of Springfield, Mass., for petitioner.

Elihu D. Stone, of Boston, Mass., for defendant.

BREWSTER, District Judge.    In this case the defendant was indicted for the illegal possession of liquor, and before trial he moved that all evidence, liquors, or other property obtained under and by virtue of a search warrant be excluded from the trial on the ground that the search was illegal, and he also prays that the court order a return of the liquors taken by the prohibition officers at the time of such illegal search.

The warrant authorized the officers to search the Highland Hotel, situated on Hillman street in Springfield, the premises of the defendant. The liquor seized was found in a room in the hotel which was not used for hotel purposes but constituted a part of a suite which was occupied exclusively by the defendant as his residence.    The question presented was whether the rooms fell within the definition of "private dwelling" as given in section 25 of the National Prohibition Act (Act October 28, 1919, tit. 2 [41 Stat. 315]), which provides that—

"The term 'private dwelling' shall be construed to include the room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel, or boarding house."

Evidence was received by me which tended to show, and I found, that the rooms from which the liquor in question was taken were used and occupied by the defendant not transiently, but solely, as a residence within the meaning of the act, and I therefore granted the motion so far as it related to the exclusion of evidence, but reserved decision as to defendant's right to a return of the liquor.

My decision respecting the rights of the defendant to a return of liquor is governed by the case of United States v. T. Fred Vigneaux (D. C.) 288 Fed. 977, handed down April 6, 1923, and I therefore grant defendant's motion respecting the return of the liquor; and an order is to be entered directing the proper parties to return to the defendant the liquor obtained upon the said search warrant.