# UNITED STATES OF AMERICA Plff.,

## *v.*

## ULISES MARTINEZ, Dft.

San Juan, Criminal, No. 3170.

Opinion filed January 3, 1924.

*Major Ira K. Wells,* United States District Attorney, for the United States.

*Mr. E. B. Wilcox* for the defendant.

ODLIN, Judge, delivered the following opinion:

The question presented for decision at this time in the above-entitled case is whether the second amended motion filed by the counsel for the defendant for the return of certain liquors should be granted or denied. The verified statements by the defendant, and which have not been refuted by the United States, set forth that the liquors in question were seized on or about January 25, 1922, from certain premises in the city of Caguas, Porto Rico, not owned by the defendant, but which were occupied by him as his private dwelling.

Under the rulings of the circuit court of appeals for the first circuit, which of course are binding upon this court, as set forth in the famous Giles Case reported in 284 Fed. 208, the search warrant upon which the liquor was seized in the case now presented to this court was illegal, null, and void; for the reason that the affidavit which preceded the issuance of the search warrant set forth no specific facts but only conclusions of law; and it also appears that the search warrant itself was fatally defective, in that it did not describe the location of the premises to be searched with any words sufficient to identify the same. The search warrant did not even give the name of the town or the city, or mention the Island of Porto Rico. But the United States district attorney, in resisting the present motion, relies upon a decision by Mr. District Judge Garvin, sitting in the Federal court at Brooklyn, New York, which decision was rendered July 10, 1923, in the case of United States v. Jensen, reported in 291 Fed. 668. Judge Garvin specifically holds that where liquor has been unlawfully seized and application is made for its return, the person seeking such return must show that the liquor in question was lawfully possessed or acquired. This allegation of lawful possession or lawful acquirement is absent from the present motion now before this court for decision.

I would be strongly inclined to follow the ruling of Judge Garvin except for the fact that in his reference to the Giles Case he points out that there is nothing in the record of that case to indicate that the point raised before himself, Judge Garvin, was submitted to the court of appeals at Boston for determination, and therefore he concludes that that case cannot be regarded as controlling authority. . . . .

Counsel for defendant relies upon the decision of Mr. District Judge Brown, sitting in the United States court of Rhode Island in the case of United States v. Descy, which decision was rendered on November 17, 1922, and is reported in 284 Fed. 724. He distinctly holds that the provision of the National Prohibition Act, title 2, § 33, that in any action concerning the same the burden shall be on the possessor of liquor to prove that it was lawfully acquired and possessed does not apply to a petition for return of liquor unlawfully seized and taken from petitioner's private dwelling. In that case the liquor was ordered returned. Judge Brown refers to the Giles Case and points out, that, although the motion presented by Giles contained no allegation of lawful acquirement or lawful possession, and that the defendant's right to a return was thus based merely upon the illegality of the seizure, there was no suggestion by the court of appeals that the petitioner Giles should have gone further and alleged and proved the lawfulness of his possession.

The writer of this opinion has himself found two recent decisions by Mr. District Judge Brewster, sitting in the Federal court in Massachusetts. Both are dated April 6, 1923. One is the case of United States v. Vigneaux, reported in 288 Fed. 977; the other is the case of United States v. Sievers, reported in 292 Fed. 394.

Judge Brewster distinctly holds in the first case that a person from whose private dwelling liquor was seized and taken under an illegal search warrant is entitled to a return of the same, and he is not required under the National Prohibition Act to assume the burden of proving that his possession of the liquor was lawful. Judge Brewster points out, that, while there is a conflict of opinion on this point, he would be running

counter to the great weight of authority if he were to hold that the provisions of §§ 25 and 33 of the National Prohibition Act could operate to overturn the rule creating the constitutional privileges of the individual citizen to be secure from unreasonable and unlawful search and seizure. Judge Brewster also distinctly says that he must follow the law as laid down by the United States Supreme Court, and that he must respect the provisions of the 4th and 5th Amendments to the Constitution of the United States.

Turning to the other decision by Judge Brewster in the Sievers Case, it seems that there was a building, most of which was used as a hotel, but in this building there was a suite which was used and occupied by Sievers, not transiently but solely as a residence, and therefore this suite constituted the private dwelling of Sievers. There was a warrant issued which authorized search of the hotel only; but the officers executing this warrant seized liquor from the suite of Sievers, and the liquor was ordered returned by Judge Brewster.

The conclusion is irresistible to my mind, that, inasmuch as Judge Brown and Judge Brewster are district judges sitting in the first circuit, and Porto Rico is attached to the first circuit, these two judges must be in a better position to estimate the force and value of the doctrines laid down by the circuit court of appeals in the Giles Case than Mr. Justice Garvin, sitting in the second circuit, could be able to do. I therefore feel that I must follow the rule as laid down by Judges Brown and Brewster, and disregard the rule as laid down by Judge Garvin. It is hoped that this decision will be reviewed by the United States district attorney, in order that

the point may be definitely settled so far as the first circuit is concerned.

The motion for the return of the liquor in question is granted, and to this ruling the attorney for the United States excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 3d day of January, 1924.