## BLUM–O'NEILL CO. v. SULLIVAN.

(Circuit Court of Appeals, Ninth Circuit. April 7, 1924.)

No. 4095.

1. **Master and servant ⊂⇒189(2)—Foreman of warehouse and driver of delivery wagon held "fellow servants."**

An employee of defendant, having charge of its warehouse and the delivery of goods therefrom, and plaintiff, also employed by defendant as driver of a wagon used for delivery of merchandise from the warehouse to defendant's store and from the store to customers, *held* fellow servants, and defendant *held* not liable for an injury to plaintiff, caused by the negligence of the warehouseman in overloading or improperly loading plaintiff's wagon at the warehouse.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fellow Servant.]

2. **Master and servant ⊂⇒190(1)—Grade of service not controlling in determining liability for fellow servant's negligence.**

The fact that one employee sustains the relation of foreman to another, who is injured through his negligence, is not controlling; but the liability of the master depends on the character of the act itself, and whether it was a breach of a positive obligation of the master.

3. **Master and servant ⊂⇒216(6)—Servants assume risk of negligent manner of doing work.**

If a negligent manner of doing a work by employees makes the place of work less safe, that is one of the risks which all engaged in the work have assumed as a risk of the employment.

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; E. E. Ritchie, Judge.

Action at law by F. J. Sullivan against the Blum-O'Neill Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

The defendant in error, as plaintiff in the court below, recovered a judgment against the plaintiff in error for personal injuries. In his complaint the plaintiff alleged that one Frederickson was in charge of the defendant's warehouse, and was authorized by the defendant to superintend all shipment of goods from the warehouse, and to exercise authority over the plaintiff while working in the warehouse and delivering goods therefrom; that the plaintiff was in the service of the defendant as a delivery man, and it was his duty to obtain and deliver goods from the warehouse under the orders and direction of Frederickson; that on the day on which the plaintiff was injured snow and ice were on the street in front of the warehouse; that Frederickson directed the plaintiff to abandon the sled which he had been using and use a wagon; that when the wagon was loaded, and the plaintiff was proceeding with a load of groceries to the defendant's main store, Frederickson called him back, and against his remonstrances piled seven cases of milk and eggs upon and in front of the seat of the wagon, and that by reason thereof the plaintiff had no safe place to sit, nor a safe place from which to control the horse; that the horse started, and the boxes so piled in front of the wagon slid forward and over the dashboard, striking the horse and causing him to become frightened, whereby the plaintiff was thrown from the wagon in front of the wheels, which passed over him.

The defendant in its answer alleged that Frederickson was a fellow servant of the plaintiff, and that if injuries were sustained by the latter they were caused by the negligence of Frederickson. The trial court denied the motion of the defendant for an instructed verdict in its favor.

Donohoe & Dimond, of Cordova, Alaska, and Lyons & Orton, of Seattle, Wash., for plaintiff in error.

Frank H. Foster, of Cordova, Alaska, L. V. Ray, of Seward, Alaska, and Robert W. Jennings, of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above).    [1]
The defendant had a store and a warehouse in the town of Cordova, Alaska. The plaintiff and Frederickson were both in the defendant's employment, and were fellow servants, and both were hired and paid by the defendant. Frederickson was in charge of the warehouse, and his duty was to manage and direct the movement of goods therefrom. The plaintiff was the driver of the defendant's delivery wagon, and he was engaged in delivering goods to and from the warehouse and from the store to the defendant's customers. Frederickson had no authority to employ or pay or discharge the plaintiff. Taking the testimony in its aspect most favorable to the plaintiff, it goes no further than to show that on the day on which the injury occurred both Frederickson and he were engaged in the operation of delivering certain goods from the warehouse to the store, and that in selecting the goods and loading the wagon the plaintiff was under Frederickson's directions. No charge was made, nor was proof offered to show, that the defendant had failed to supply the plaintiff with safe appliances for his work. The whole case for the plaintiff

rests on allegation and proof that the wagon was overloaded by Frederickson.

The plaintiff, in this court, relies upon the proposition that the defendant failed in its duty to furnish him a safe place in which to work, and that the duty was nondelegable, and that Frederickson, in loading the wagon as he did, violated the defendant's duty to him. We think that the motion for an instructed verdict should have been allowed. While it is held in some jurisdictions that a foreman of a gang of men, vested with power to direct, control, and command the men in the performance of a particular work to be done, represents the employer and is his vice principal, the law applicable to the present case is established by Alaska Mining Co. v. Wheelan, 168 U. S. 86, 18 Sup. Ct. 40, 42 L. Ed. 390, where it was held that the foreman of a gang of workmen is a fellow servant with them, and that the employer is not liable to one of them for an injury caused by the foreman's negligence in managing the machinery or in giving orders to the men. The doctrine of that case has been followed by the Supreme Court, and by this and other courts, and has not been modified or departed from. Southern Bell Telephone & Telegraph Co. v. Richardson (C. C. A.) 284 Fed. 124.

In the case at bar the trial court was of the opinion that the decision in Kreigh v. Westinghouse & Co., 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984, recognized principles inconsistent with the Wheelan Case, and with New England R. R. Co. v. Conroy, 175 U. S. 323, 20 Sup. Ct. 85, 44 L. Ed. 181, and other prior decisions of the Supreme Court. We are unable to agree with that view. In the Kreigh Case there were two charges of negligence, one that the employer had furnished a derrick with only one guide rope attached to the end of the boom, for the purpose of hauling it back and fourth or steadying its operation, whereas there should have been two; the other charge was negligence in operation in that the men operating the boom swung a bucket attached thereto against the plaintiff without giving him any signal or warning. The court held that for the failure to furnish a proper derrick the employer would be liable, but that it was not liable upon the second charge of negligence, that being the negligence of fellow servants. The court, while ruling that a duty was imposed upon the master to furnish safe appliances, which he could not delegate to another and escape liability on his part, proceeded to say:

"Nevertheless the master is not held responsible for injuries resulting from the place becoming unsafe through the negligence of the workmen in the manner of carrying on the work, where he, the master, has discharged his primary duty of providing a reasonably safe appliance and place for his employés to carry on the work, nor is he obliged to keep the place safe at every moment, so far as such safety depends on the due performance of the work by the servant and his fellowworkmen."

In the case at bar there can be no question but that the defendant provided the plaintiff a reasonably safe place in which to work and safe appliances to work with, and no complaint is made that Frederickson was not a competent servant. If the place in which the plaintiff worked—that is to say, the wagon—was rendered unsafe, it was

the result of a coservant's negligence in the progress of the work, and a result for which the defendant cannot be held liable. The defendant had done all that could reasonably have been required of it. It was not an insurer of the plaintiff against Frederickson's negligence. The work in which the plaintiff was engaged was simple and ordinary, and not of that complex or dangerous nature which necessitates the establishment of a set of rules for the protection of employees. Frederickson was not in charge of a distinct division of an extensive and complicated business. Nor was he selected by the defendant to superintend work which without supervision was dangerous. It is not claimed that he possessed superior knowledge of the proper method of loading wagons, or had better opportunity than had the plaintiff of observing the perils of the latter's employment. Presumably his knowledge was inferior to that of the plaintiff, who had driven the defendant's delivery wagon for more than five years.

[2, 3] The fact that Frederickson sustained the relation of foreman to the plaintiff is not controlling. Liability in such a case does not depend upon the grade of service of a coemployee, but upon the character of the act itself and a breach of a positive obligation of the master. B. & O. R. R. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772; Consolidated Interstate-Callahan M. Co. v. Witkouski, 249 Fed. 833, 162 C. C. A. 67; James Stewart & Co. v. Newby (C. C. A.) 266 Fed. 287. And if a negligent manner of doing a work makes a place less safe, that is one of the risks which all engaged in the work have assumed as a risk of the occupation. Deye v. Lodge & Shipley Machine Co., 137 Fed. 480, 70 C. C. A. 64; American Bridge Co. v. Seeds, 144 Fed. 605, 75 C. C. A. 407, 11 L. R. A. (N. S.) 1041; Wood v. Potlatch Lumber Co., 213 Fed. 591, 130 C. C. A. 171.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.